ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KENNETH CHAMBERS (NYBN 5559885)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    kenneth.chambers@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GEORGE THOMAS, <br><br> Defendant. | No. 4:24-CR-00384-HSG-1 <br><br> UNITED STATES' SENTENCING MEMORANDUM <br><br> Sentencing Date: December 11, 2024 <br> Time: 2:00 p.m. <br> Judge: Hon. Haywood S. Gilliam, Jr. |

## I. INTRODUCTION

The United States respectfully requests that this Court sentence the defendant to 63 months in custody, which is a below guideline sentence of the Guidelines calculation set forth below. The government also requests that his sentence be followed by five years of supervised release. The plea agreement resolves a case in which the defendant, George Thomas, was charged by Information on July 10, 2024 with one count of Possession of Child Pornography, a felony, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Dkt. 15. The defendant pled guilty pursuant to a plea agreement on September 04, 2024. Dkt. No. 23. The Defendant will appear before the Court for sentencing on December 11, 2024, at 2:00 p.m.

## II. FACTUAL BACKGROUND

On or about May 11, 2023, the defendant possessed matters that he knew contained visual depictions of minors engaged in sexually explicit conduct; knowing that each visual depiction contained in the matters were of minors engaged in sexually explicit conduct, and that the production of such visual depictions involved use of a minor engaging in sexually explicit conduct. The visual depictions had been transported using any means or facility of interstate commerce, including by computer.

Specifically, on or about May 11, 2023, the defendant had in his possession, on his android cell phone, two videos depicting a teenage boy between the ages of 14 to 17 engaged in sexual activity. Furthermore, the defendant had in his possession, on his Dell computer tower, which was found inside of his home approximately 7,050 images of minors engaged in sexually explicit conduct. Defendant also had approximately 7,733 videos of minors engaged in sexually explicit conduct.

For example, in one video, titled "Bond – Bound Suck $ Cum(S)," a minor boy's hands are bound by a rope while lying on the edge of a bed. As the video continues, an adult man then stands over the boy and has the minor boy give him oral sex. In another video, titled "Amber 7Yr Old Pedo-Preteen Bondage_Selective Trade," a minor is bound by her feet while an adult hand manipulates the child's genitals. *See* also PSR at ¶ 17.

In addition to the defendant possessing images, defendant also sought out child pornography and received it. As admitted to in the plea agreement, the defendant was a member of a group chat titled

2
UNITED STATES SENTENCING MEMORANDUM
4:24-CR-00384-HSG-1

"CALDITO DE POLLO," on a mobile device application called "Viber," where multiple images and videos of child sexual abuse material were being traded. The defendant, using the username "Capsike," created a group chat on Viber titled: Videos boys y extremos. The defendant knowingly created this group chat to obtain child sexual abuse material—and the defendant received just that. The defendant received, and downloaded to his Dell computer tower, at least two videos depicting child pornography from the group chat. One of the videos was titled, "41-Golden.Boys.41.-.Vintage.Pre-Condom.Boys.-.13Yo.14Yo.avi." The other video depicted two minor boys engaged in anal sex.

### III. DEFENDANT'S GUIDELINE CALCULATION

As set forth in the Plea Agreement, the Sentencing Guidelines calculations for the defendant's offense level is as follows:

a. Base Offense Level, U.S.S.G. § 2G2.2(a)(1): 18

b. Specific offense characteristics under U.S.S.G. Ch. 2

§ 2G2.2(b)(2) - Material involved a prepubescent minor or a minor who had not attained the age of 12 years    +2

§ 2G2.2(b)(4) – Offense involved material that portrays sadistic, or masochist conduct or other depictions of violence    +4

§ 2G2.2(b)(6) - Offense involved the use of a computer or interactive computer service for the possession of materials    +2

§ 2G2.2(b)(7) – Offense involved at least 600 images or more    +5

c. Acceptance of Responsibility:    - 3
Defendant has meet the requirements of U.S.S.G. § 3E1.1, and the government believes the he is entitled to a three-level reduction for acceptance of responsibility, given that he has forthrightly admitted guilt, has cooperated with the Court and the Probation Office in any presentence investigation ordered by the Court, and has continued to manifest an acceptance of responsibility through and including the time of sentencing.

d. Adjusted Offense Level:    28

### IV. LEGAL STANDARD

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The

overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. To that end, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), to include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) The need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) The need to void unwarranted sentence disparities among defendants with similar records who
have been found guilty of similar conduct.

## V.  PRESENTENCE REPORT

The government reviewed the PSR prepared by United States Probation Officer Khaminh Huynh.  The government has no objection to the offense calculation. The government's sentence recommendation is in accordance with the offense calculation outlined in the Plea Agreement. Additionally, the government has no objection to, and agrees on, the Criminal History Category in the PSR. The government further agrees that the defendant should receive a three-level reduction for acceptance of responsibility and timely notification of his intent to plead guilty.  The government does not have any objections to the report's factual recitation or recommended supervision terms. The government, however, respectfully disagrees with probation's 60-month sentence recommendation for the reasons discussed below.

## VI.  SENTENCING RECOMMENDATION

The government recommends a sentence of 63 months. The government believes that this sentence is reasonable and sufficient, but not greater than necessary, to achieve the goals of sentencing. The 63-month recommendation is a downward departure from the guidelines range, which is 78-97 months. Although a 63-month is a downward departure from the guidelines range, the government believes that the 63-month sentence is an appropriate sentence based on the sentencing factors set forth

under 18 U.S.C. § 3553(a).

In our case, the defendant's conduct is serious. The defendant collected over 14,000 images and videos of child sexual abuse material. Not only did he collect child sexual abuse material, he also sought it out online, thereby further revictimizing the children depicted in the images and videos. As mentioned above, the defendant created a group chat to receive child pornography. Once he received the material, he downloaded the material onto his Dell computer tower. As the Supreme Court stated, "child pornography produces concrete and devastating harm for real, identifiable victims." *Paroline v. United States*, 572 U.S. 434, 457 (2014). And Defendant's conduct did just that. His collection, and receipt, of these images and videos, which permanently documents the victim's abuse, further perpetuated the harm of the identifiable victims involved in the production of the videos and images. For this reason, a 63-month sentence reflects the seriousness, and the nature and characteristics of the offense.

The government also considers the history and characteristics of the defendant. The government understands, and acknowledges the defendant's upbringing, as outlined in the PSR. The defendant has no criminal history. PSR at ¶ 43. The government takes this into account and is recommending a downward variance from the guidelines range. Additionally, the government acknowledges defendant's quick acceptance of responsibility in this matter and is recommending a below-guideline sentence of 63 months. The government believes that this sentence is sufficient, but not greater than necessary to achieve the goals of sentencing. For the reasons stated above, the government believes that a 63-month sentence is appropriate.

## VII. RESTITUTION

Restitution for victims of child pornography offenses is mandatory under 18 U.S.C. § 2259. Victims are statutorily entitled to restitution under the provisions of the Mandatory Victim Restitution Act of 1996, the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (the AVAA), and the Mandatory Restitution for Sexual Exploitation of Children Act of 1994. Specifically, in child pornography trafficking cases—which is defined to include offenses under 18 U.S.C. § 2252, as Pelton has pleaded to here—the Court shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the defendant's crime, and

then "order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000." 18 U.S.C. § 2259(b)(2); *see also Paroline*, 572 U.S. at 457–62. Restitution in child pornography cases serves "twin goals of helping the victim achieve eventual restitution for all her child-pornography losses and impressing upon offenders the fact that child-pornography crimes, even simple possession, affect real victims." *Paroline*, 572 U.S. at 457. To the extent there is a dispute about the correct amount of restitution, it is the government's burden to demonstrate the amount of the loss to the victim by a preponderance of the evidence. *See United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008) (citing 18 U.S.C. § 3664(e)).

The government respectfully requests that the Court set a date for a hearing on restitution approximately 60 days after the current sentencing hearing. The government is working with defense counsel regarding the restitution claims in this case and is requesting the court set this matter for a restitution hearing 60 days after the sentencing hearing. Additionally, the government requests that the Court set a date for the final determination of claims within 90 days of the sentencing hearing if the parties are unable to reach a stipulated resolution. *See* 18 U.S.C. § 3664(d)(5).

### VIII.   CONCLUSION

With full consideration, the Government recommends that the Court impose a sentence of 63 months in prison, followed by five years of supervised release, a $100 special assessment fee, a $5,000 mandatory special assessment pursuant to 18 U.S.C. § 3014, and mandatory special assessment of not more than $17,000 pursuant to 18 U.S.C. § 2259A.  This sentence is reasonable and sufficient, but not greater than necessary, to achieve the goals of sentencing.

DATED:  December 4, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

 /s/ *Kenneth Chambers*
KENNETH CHAMBERS
Assistant United States Attorney